Blake D. Miller (4090)
**MILLER TOONE, P.C.**
165 Regent Street
Salt Lake City, Utah 84111
Telephone: (801) 363-5600
Facsimile: (801) 363-5601
e-mail: miller@millertoone.com

James W. Anderson (9829)
**CLYDE SNOW & SESSIONS**
One Utah Center, Thirteenth Floor
201 South Main Street
Salt Lake City, Utah  84111
Telephone: (801) 322-2516
Fax No.: (801) 521-6280
Email: jwa@clydesnow.com

*Counsel for the Reorganized Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In re:**<br><br>**LA CAILLE RESTAURANT CORPORATION,**<br><br>Debtor. | **Bankruptcy Case No. 11-20205**<br><br>**Chapter 11**<br><br>**Judge Joel T. Marker**<br><br>**(Filed Electronically)** |

**REORGANIZED DEBTORS' OBJECTION TO CLAIM NO. 21 OF SUITTER AXLAND, PLLC**

La Caille Restaurant Corporation and Peacock Properties, LLC, as the reorganized debtors in this bankruptcy case (collectively, the "**Debtor**"), pursuant to Bankruptcy Rule 3007(a), hereby objects to Proof of Claim No. 21 filed by Suitter Axland, PLLC (the "Claim"). In support of this objection, the Debtor represents as follows:

{00643996-2 }

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND
### (Bankruptcy Filing and Plan Confirmation)

2. On January 6, 2011 the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

3. On April 18, 2014, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law and Order Confirming Debtor's Modified Plan of Reorganization* (the "**Confirmation Order**").

4. The Confirmation Order confirmed the *Debtor's Modified Plan of Reorganization* [docket #323] (the "**Plan**") as satisfying the requirements of the Bankruptcy Code, and thereby authorized the Debtor to implement the Plan.

5. The Effective Date of the Plan occurred on May 5, 2014.

## THE CLAIM

6. Creditor filed the Claim on May 9, 2011, asserting a claim in the amount of $232,966.54, of which $216,180.86 was claimed as secured, and $16,785.68 was claimed as unsecured. The general basis of the Claim asserted by the creditor is legal services performed representing the defendants in the matter styled *Mark Haug v. LaCaille Restaurant Corporation, et al.*, civil no. 060902238, Third Judicial District Court, State of Utah (the "**Litigation**").

**BASIS FOR OBJECTION**

7.  The Debtor objects to the Claim on the grounds that the creditor has not properly apportioned its fees against the various defendants in the litigation. The two debtors were co-defendants along with a number of other individual defendants which were all represented by the creditor. As shown by the Debtor's analysis of the claim, attached hereto as Exhibit "A", the total fees charged for the Litigation were $712,845.19, plus $61,330.92 in interest. Of this amount, the Debtor paid $523,931.16, or approximately 73.5%. To the Debtor's knowledge, none of the other defendants have paid anything for the services rendered. Thus, the Debtor has paid far more than its fair share of the claim, and any balance should be borne by the other defendants.

8.  In addition to the foregoing objection, the Claim must also be reduced by all interest charged post-petition. The total interest charged in 2011 was $17,186.64. There is no basis for charging interest post-petition as this claim was rendered fully unsecured by the sale of the Debtor's real property, with the consent of the claimant, and now remains fully unsecured. Section 9.3 of the Plan specifically disallows any post-petition interest on claims.

9.  Finally, there is no indication in the documentation provided that the services were rendered for the Debtor. As part of proving the Claim, the creditor needs to provide the breakdown of services rendered for which of its various clients in the Litigation.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Claim be denied in its entirety, or reduced by the amount of interest charged and the proper portion to be paid by the Debtor as proven by the creditor, and granting such further relief as is just and proper.

DATED this 2nd day of September, 2014.

**CLYDE SNOW & SESSIONS**

*/s/ James W. Anderson*
James W. Anderson
*Attorneys for the Reorganized Debtor*

Creditor's Address:

Suitter Axland, PLLC
8 E. Broadway, #200
P.O. Box 510506
Salt Lake City, Utah  84151-0506